IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HERITAGE PACIFIC FINANCIAL, L.L.C., | § | CASE NO. 14-40107 |
| | § | (Chapter 7) |
| DEBTOR | § | |

## MOTION FOR AUTHORITY TO RELEASE LIEN

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

Christopher J. Moser, Trustee ("Trustee"), files his Motion for Authority to Release Lien (the "Motion") as follows:

1.  On January 14, 2014 (the "Petition Date") Heritage Pacific Financial, LLC ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Christopher J. Moser is the acting trustee of the Debtor's bankruptcy estate.

2.  Prior to filing bankruptcy, the Debtor was in the debt collection business. A substantial portion of the Debtor's assets consists of second lien mortgages on residential properties.

3.  The bankruptcy estate holds a second lien mortgage which encumbers a house located at 5688 Allendale Drive, Riverside, California 92507 (the "Property"). The second lien arises from a mortgage note from Valerie Rome ("Borrower") in the original amount of $46,000.00 payable to PNC Mortgage (the "Second Lien Note").

4.   The first lien on the property is held by CitiMortgage (the "Lender"). The amount due and owing on the first lien is approximately $374,000.00. The Borrower has the Trustee to release the bankruptcy estate's second lien on the Property in order to allow the Debtor to complete a "short sale" of the Property to MMR Investments for the purchase price of $331,000.00.[1] It is the Trustee's opinion that following a 6% realtor commission and other normal closing costs that the bankruptcy estate's 2nd lien upon the Property has little to no value.

5.   The Trustee has reached an agreement with the Lender for the Trustee to release the second lien on the property for the amount of $6,000 to be paid at the closing of the conveyance of the Property on, or about, December 15, 2014.

6.   Trustee believes that $6,000 is a fair offer since the sales price is insufficient to pay the 1st lien mortgage owed to the Lender.

7.   Trustee seeks authority to release the bankruptcy estate's second lien on the Property in consideration for the payment of $6,000.00 cash.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee respectfully requests that this Court authorize the Trustee to release the bankruptcy estate's second lien upon the Property for $6,000 cash and that Trustee be granted such other and further relief to which he is justly entitled.

---

[1] The sale is a "short sale" because CitiMortgage, the first lien holder, has agreed to accept $295,990.03 to release its first lien mortgage in the amount of $374,000.00.

Respectfully submitted

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street,   Suite 1800
Dallas, Texas  75201
(214) 880-1805 (Telephone)
(214) 871-2111 (Facsimile)

By:  */s/ Christopher J. Moser*
         Christopher J. Moser

**ATTORNEYS FOR TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail, postage prepaid, on this 18th day of November, 2014, upon all parties on the attached mailing matrix.

*/s/ Christopher J. Moser*